107 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Eladio CAMACHO, Jr., a/k/a David Richard, a/k/a Hector
Perez, Defendant, Appellant.
 No. 96-1493.
 United States Court of Appeals, First Circuit.
 Feb. 4, 1997.
 
 Benicio Sanchez Rivera, Federal Public Defender, and Miguel A.A. Nogueras-Castro, Assistant Federal Public Defendant, on brief for appellant.
 Guillermo Gil, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eladio Camacho appeals from his sentence on the sole ground that the district court erred in denying him a two-level reduction for his "minor" role in the offense under U.S.S.G. § 3B1.2(b). In a Supplemental Order dated December 4, 1996, the district court found that Camacho was not "less culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n.3). We review such determinations only for clear error. See United States v. Rostoff, 53 F.3d 398, 413 (1st Cir.1995). " 'Where more than one reasonable inference may be drawn from undisputed facts, the court's choice from among supportable alternatives cannot be clearly erroneous.' " United States v. Rodriguez Cortes, 949 F.2d 532, 546-47 (1st Cir.1991) (citation omitted).
 
 
 2
 The district court's role-in-the-offense determination in this case was not clearly erroneous. "[A] defendant who is a drug courier is not entitled as of right to a reduction of the offense level as a minimal or minor participant." United States v. Lopez-Gil, 965 F.2d 1124, 1131 (1st Cir.1992) (emphasis added). The undisputed fact that Camacho acted as a drug courier does not entitle him to a two-level reduction for minor participation and the court's refusal to grant a reduction was not clearly erroneous.
 
 
 3
 Camacho's sentence is affirmed. See Loc. R. 27.1.